IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Charles L. Fricke,** | ) | **Bankruptcy No. 10 B 05426** |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| **Landau & Associates, P.C.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Adversary No. 10 A 01170** |
| v. | ) | |
| | ) | |
| **Charles L. Fricke,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum Decision**

The plaintiff in this adversary proceeding, Landau & Associates, P.C. ("Landau") asserts, through its complaint filed May 18, 2010, that its legal fees are non-dischargeable pursuant to section 523(a)(5) or (15) of the Bankruptcy Code.[1] After a trial on this matter held on December 17, 2010, this court holds that Landau's claim for $1,860.00 plus statutory interest and expenses is non-dischargeable pursuant to section 523(a)(5).

I.   Background

Charles L. Fricke (the "Debtor") and Monica Peters-Fricke ("Monica") were married on December 28, 1993. Almost immediately the union between the two paid dividends, with their first child being born about eight months after the marriage, and their second only fourteen months after that. In addition to the two children born of the marriage, Monica brought a daughter from a previous relationship into the family. The

---

[1] 11 U.S.C. § 101 *ff.* Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.

- 1 -

marriage did not endure. The Debtor was convicted of criminal sexual assault[2] against Monica's non-marital child in 1998. He spent over three years in prison and is now a registered sex offender in the State of Illinois. In 2002, the Debtor was released from prison.

In 2005, the Debtor filed a petition for dissolution of marriage in the Circuit Court of the Eighteenth Judicial Circuit, Du Page County, Illinois. On November 2, of that year, the Debtor was ordered to pay $50.00 per week in child support. The record indicates that he only intermittently complied with this order until September 5, 2006, when a new order of support was entered. Under the new order, the circuit court imputed a gross annual income of $30,000.00 to the Debtor and ordered him to pay $597.00 per month to Monica as child support. A Judgment of Dissolution of Marriage was entered on October 19, 2006. The Judgment continued to impute $30,000.00 of gross yearly income to the Debtor and required the same monthly contribution to Monica for child support. It also held the Debtor responsible for paying Monica's attorney, Landau, $2,500.00, of which $1,860.00 remains unpaid.

The Debtor commenced the underlying chapter 7 case on February 12, 2010. The first meeting of creditors pursuant to section 341 was scheduled for March 15, 2010. The deadline for any objections to dischargeability under section 523(c) was set for May 14, 2010, pursuant to Bankruptcy Rule 4007(c). All objections to dischargeability not governed by section 523(c) may be filed at any time under Bankruptcy Rule 4007(b).

---

[2] The Debtor was in the military at the time of the incident. He was subject to a military court martial for his acts against Monica's non-marital child. Landau's filings give conflicting accounts of the actual offense of which the Debtor was convicted.

- 2 -

Landau filed this adversary complaint on May 18, 2010.[3] The complaint alleges that the fees are non-dischargeable under either section 523(a)(5) or (15). This court extended the time for the Debtor to file his answer, which was eventually filed on August 16, 2010. In his answer, the Debtor admitted all of the pertinent facts and only denied the legal conclusion that the debt owed to Landau was non-dischargeable under section 523(a)(5) or (15). As the only contention here is over a question of law, the case was ripe for a motion for summary judgment. Landau, contrary to this court's Administrative Orders and Local Rules, attempted to file a motion for summary judgment by mailing a paper copy to chambers on September 20, 2010.[4] The Clerk's office never received the motion and therefore it was never properly in front of the court. The Debtor, without the aid of an attorney, attempted and succeeded in filing a response to Landau's undocketed motion for summary judgment. The Clerk's office docketed the Debtor's response as an additional answer to the complaint out of confusion due to the lack of a motion for summary judgment on the docket. Through his response, the Debtor asserts that Landau's complaint was filed late and therefore his claim was subject to discharge pursuant to section 523(c) and Bankruptcy Rule 4007(c).

As there was no motion for summary judgment to rule upon, this adversary proceeded to trial. This court entered an order requiring the parties to file a joint pretrial

---

[3] Landau argues that the complaint was filed on May 14, 2010, because that was the date it mailed the complaint. It is well settled that an attorney does not get the benefit of any kind of mailbox rule when filing complaints. Local Rule 9013-4(B); see 9 Collier on Bankruptcy ¶ 4007.04[1][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (stating that "[t]he language of the rule clearly specifies that the complaint must be filed by that date, so that merely mailing it to the clerk by the deadline is not sufficient"); 10 Collier on Bankruptcy ¶ 9006.11 (stating that "[i]f a notice must be filed with the court on or before a certain date, the filing will not be timely just because it was mailed within that period of time"). Thus, the complaint was filed on May 18, 2010.

[4] Electronic Filing is required in the Northern District of Illinois Bankruptcy Court for all attorneys. Administrative Procedures, II.A.1.a.(May 14, 2010). Landau's failure to comply with this rule landed Eliot Landau in front of Chief Judge Doyle on a rule to show cause. See General Order No. 08-02.

statement by December 15, 2010. No pretrial statement was filed, at least in part due to Laudau's continuing inability to navigate the court's electronic filing system. Landau presented the court with a pretrial statement at the time of the trial.

## II.   Discussion

The Debtor first argues that whether the debt is dischargeable is immaterial because Landau did not timely file the complaint under section 523(c) and Bankruptcy Rule 4007(c).[5] Rule 4007(c), however, only applies to the dischargeability of debts under section 523(c), which in turn governs the exceptions under section 523(a)(2),(4) and (6). *See* Federal Rule of Bankruptcy Procedure 4007(c); Advisory Committee Note (1983). Rule 4007(b) is applicable to objections to dischargeability under section 523(a)(5) and (15), and it states that a complaint may be filed at any time. *See* Federal Rule of Bankruptcy Procedure 4007(b); Henry J. Sommer & Margaret Dee McGarity, *Collier Family Law and the Bankruptcy Code* ¶ 6.07[1] (Matthew Bender) (stating "[t]here is no time limit for filing a complaint under section 523(a)(5), either in the bankruptcy court or outside the bankruptcy court, since the time limit applies only to claims under section 523(a)(2), (4) and (6)"). Therefore, Landau's complaint was timely filed.

We now turn to the substance of this objection, which is whether Landau's attorney's fees are non-dischargeable under section 523(a)(5) or (15). This court recently decided a very similar matter in *In re Papi*, 427 B.R. 457 (Bankr. N.D. Ill. 2010). In that case, this court held that for a claim to be excepted from discharge as a domestic support

---

[5]   The parties also disagree about whether this court has subject matter jurisdiction after the time limit under Rule 4007(c) to file a complaint has expired. Rule 4007(c) "is not a matter of subject matter jurisdiction, but rather a procedural complaint-processing rule." 9 Collier on Bankruptcy ¶ 4007.04[1][a]. The running of the deadline under Rule 4007(c) would not, therefore, strip this court of jurisdiction. As explained in the body of this decision, however, Rule 4007(c) does not apply and therefore this is a moot point.

obligation under section 523(a)(5), the court must determine that the obligation (1) is owed to or recoverable by the ex-spouse; (2) is in the nature of alimony, maintenance, or support; (3) is established by court order; and (4) has not been assigned to a governmental unit. *In re Papi*, 427 B.R. at 462.

Here, the only two elements that are in dispute are whether Landau's fees are owed or recoverable by Monica, and whether they are the nature of alimony, maintenance, or support. First, "owed to or recoverable by" the ex-spouse, as this court held in *Papi*, does not mean directly and only "owed to or recoverable by" the ex-spouse. *Id.* at 464. If the ex-spouse continues to be obligated to pay the debt in the event that the debtor fails to comply with the support order, the debt is "owed to or recoverable by" the ex-spouse. *Id.* This interpretation best suits the purpose of section 523(a)(5), which is meant to prohibit the Debtor from shifting his domestic obligations onto the ex-spouse through discharge in bankruptcy. *Id.*

The Debtor is obligated to pay $2,500 to Monica's attorney. There is no doubt that if the Debtor fails to fulfill his obligation to Landau for the fees Monica incurred, Monica will continue to be liable to Landau at least on a *quantum meruit* basis. *See Holliday v. Kline* (In re Kline), 65 F.3d 749, 751 (8th Cir. 1995) (holding that where the ex-spouse would continue to be liable on a *quantum meruit* basis for fees, the debt was non-dischargeable). Therefore, if the Debtor is allowed to discharge this debt, the obligation would shift back the Monica. This is exactly what section 523(a)(5) seeks to prevent.

Second, attorney's fees have been held to be in the "nature of alimony, maintenance, or support," because "it is crucial that each party to a [domestic support]

action be able to adequately represent its interests." *In re Papi*, 427 B.R. at 463. Attorney's fees meet this requirement if the fees were incurred in furtherance of a domestic proceeding to benefit the ex-spouse or the children. *Id.* at 464. The record here shows that Landau's fees were incurred in pursuit of custody, visitation, and child-support orders. Thus, Landau's fees qualify as a domestic support obligation under section 523(a)(5). As section 523(a)(5) applies, there is no need to analyze Landau's fees under section 523(a)(15).

### III. Conclusion

For the forgoing reasons, a separate judgment will be entered in favor of Landau & Associates, P.C. and against the defendant, Charles L. Fricke.

**DATED: December 29, 2010**                          **ENTERED:**

                                                      _____
                                                      **Hon. Bruce W. Black**
                                                      **U.S. Bankruptcy Judge**